**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------X            CIVIL ACTION NO.   23CV6333
DENIS COOKE,

                                          Plaintiff,
*on behalf of himself and all others similarly situated*,            **COLLECTIVE & CLASS ACTION COMPLAINT**

                            -against-

FRANK BRUNCKHORST CO., LLC,

                                    Defendant.
-------------------------------------------------X

**PLEASE TAKE NOTICE** that Plaintiff, as and for a Complaint against Defendant, alleges as follows:

    1. Plaintiff Denis Cooke ("Plaintiff") seeks damages, injunctive and declaratory relief, costs and attorneys' fees against Defendant Frank Brunckhorst Co., LLC ("Defendant") for discriminating against him based on disability, failure to accommodate his disability; and unpaid and/or late paid wages, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq;* the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290 *et seq*; the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8-101 *et seq*; the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*; and the New York Labor Law ("NYLL") §§ 191, 193 and 652.

**A. NATURE OF THE ACTION**

   2. Plaintiff brings its ADA, NYSHRL and NYCHRL claims on behalf of himself only, alleging wrongful termination based on Defendant's termination of an in-place accommodation of Plaintiff's disability.

3. Plaintiff brings its FLSA and NYLL claims through this Collective and Class action on behalf of similarly situated hourly employees (the "Collective" and/or "Class"), to seek redress for late and/or non-payment of minimum and overtime wages against Defendant, who is a provider of delicatessen products in and around the City of New York and its metropolitan area.

4. Defendant, by failing to pay promptly and completely Plaintiff, the Collective and the Class the federal and state mandated minimum and overtime wage, violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq* and the New York Labor Law ("NYLL") §§ 650 *et seq*.

5. Plaintiff brings this action on behalf of himself and all similarly situated current and former hourly employees of Defendant since September 1, 2020 who elect to opt into this action pursuant to the FLSA, 29 U.S.C. § 216(b), to remedy Defendant's violations of the wage and hour provisions of the FLSA which deprived Plaintiff and others similarly situated of prompt, complete payment of their lawful minimum and overtime wages.

6. Plaintiff also bring this action on behalf of himself and all similarly situated current and former hourly employees of Defendant since September 1, 2017 who elect to not opt out of this action pursuant to the NYLL, to remedy Defendant's violations of the wage and hour provisions of the NYLL which deprived Plaintiff and others similarly situated of prompt and complete payment of their lawful minimum and overtime wages.

7. Plaintiff hereby seeks legal and declaratory relief against Defendant pursuant to the ADA, NYSHRL, NYCHRL, FLSA and NYLL.

**B. JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff' state law claims pursuant to 28 U.S.C. § 1367. In

addition, the Court has jurisdiction pursuant to 42 U.S.C. § 12117 and 29 U.S.C. § 216(b).

9.  Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(a) as Defendant resides, conducts business and employed Plaintiff in this judicial district.

10. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

**C. PREREQUISITES TO SUIT**

11. Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") on or about February 18, 2022.

12. The EEOC issued the Right to Sue ("RTS") letter on or about May 26, 2023.

13. The RTS is attached herewith as Exhibit 1, and Plaintiff initiated the instant action within ninety (90) days of its receipt thereof.

**D. PARTIES**

14. Plaintiff is an adult individual who, at all times relevant to this Complaint, was a resident citizen of the state of New York, County of Kings.

15. At all times relevant to this Complaint, Plaintiff was an employee of Defendant within the meaning of the ADA, NYCHRL, NYCHRL, FLSA and NYLL.
At all relevant times, Defendant employed Plaintiff within the meaning of the ADA, NYCHRL, NYCHRL, FLSA and NYLL.

16. Defendant Frank Brunckhorst Co., LLC ("FBC") is a domestic limited liability company doing business within the state and City of New York that maintains its principal place of business at 1819 Main Street, Suite 800, Sarasota, FL 34236.

17. Defendant was at all times herein relevant an enterprise engaged in and/or affecting interstate commerce with annual revenues in excess of $500,000.00 and Plaintiff and others worked for Defendant in interstate commerce using the mails and wires and handling items which moved in interstate commerce, including but not limited to hammers, nails, tools, pens, papers, two-way radios, computers, office furniture, office equipment, office supplies, telephones, *inter alia*.

**E. STATEMENT OF FACTS**

18. Defendant at all relevant times herein employed Plaintiff as a full-time Service Support Specialist at its facility located at 24 Rock Street, Brooklyn, New York. Plaintiff worked for Defendant full-time from August 2010 until July 2, 2021. Plaintiff spent most of his work time on his feet, walking, standing, cleaning, handling and carrying files, papers, equipment, tools, materials and supplies.

19. The job duties of Plaintiff, the Collective and the Class included, but were not limited to the following: customer service, general labor; building maintenance and repair, heavy and light cleaning and material moving, etc.

20. Defendant had the right to control, and in fact did control, the hours, hourly pay, assignments, and schedule of Plaintiff, the Collective and the Class. Plaintiff, the Collective and the Class were paid on a W-2 basis and evaluated by Defendant.

21. At all relevant times, Defendant failed to post and/or keep posted a notice explaining employees' rights under the FLSA, in violation of 29 C.F.R. § 516.4.

***i. DISCRIMINATION CLAIMS***

22. While working for Defendant as above indicated, Plaintiff suffered a stroke and took a leave of absence beginning June 24, 2018.

23. Both Plaintiff's condition and the treatment thereof, hindered his ability to do certain physical tasks, such as inability to go up and down stairs, inability to drive, availability to work only during daylight hours due to the need to (safely) use public transportation with these limitations, inability to work in confined spaces, inability to lift or carry more than 10 pounds, inability to climb ladders, impaired grip and dominant hand mobility, and impaired leg coordination, inter alia.

24. Defendant provided a series of accommodations in consultation, and after dialog with, Plaintiff and Plaintiff's medical providers.

25. Defendant's efforts at accommodating Plaintiff culminated in creating a position which allowed Plaintiff to perform many of his job tasks remotely, and included a modified schedule, from 7:00 am to approximately 1:00 pm; Defendant also modified Plaintiff's physical work space.

26. Plaintiff then returned to an 8 hour per day schedule in or about August 2020, still with modified duties pursuant to Defendant's provision of accommodation.

27. On or about February 11, 2021, Defendant requested an updated ADA Accommodation Form completed by Plaintiff's physician to determine whether it could continue to accommodate Plaintiff.

28. Defendant subsequently determined unilaterally, and without a change in circumstances, that it could no longer provide any accommodation that would allow Plaintiff to perform the essential functions of his job.

29. On or about March 3, 2021, Defendant notified Plaintiff that it could no longer meet the worksite accommodations requested by Plaintiff's doctor.

30. Defendant then terminated Plaintiff's employment effective July 2, 2021, after hiring a

non-disabled replacement.

31. Defendant never asked Plaintiff, or Plaintiff's doctor, whether a different accommodation could be provided by Defendant, or even *any* accommodation.

32. Defendants at all times knew that Plaintiff's disability or physical condition was the cause of his inability to perform certain job tasks.

33. Defendant terminated Plaintiff's employment therewith *because* Plaintiff's disability rendered him unable to do certain job tasks.

34. The acts above described indicate that Defendant acted in bad faith and in an intentional manner and *because of* Plaintiff's status as a person with a disability.

35. Defendant's removal, rescission, withdrawal or termination of the in-place accommodation to Plaintiff was not based on advice of counsel, good faith, changed circumstances nor undue hardship.

### *ii. WAGE CLAIMS*

36. Plaintiff, the Collective and the Class worked eight (8) hour shifts for Defendant and at all times herein relevant Defendant required Plaintiff, the Collective and the Class to attend to and monitor their assigned posts throughout the duration of their respective work shifts; and controlled the manner in which Plaintiff did so in terms of frequency, priority and documentation, *inter alia*.

37. Defendant at all times monitored Plaintiff's, the Collective's and the Class' compliance with Defendant's guidelines, procedures and policies to ensure compliance therewith in the discharge of Plaintiff's job duties.

38. Throughout the duration of Plaintiff's tenure, Defendant required Plaintiff, the Collective and the Class to punch in and out every day in order to track hours worked.

39. Defendant paid Plaintiff, the Collective and the Class on an hourly basis.

40. Throughout the duration of Plaintiff's tenure, Defendant paid Plaintiff, the Collective and the Class bi-weekly, and approximately five (5) days after the end of the second workweek in each bi-weekly pay period. (Attached as Exhibit 2).

41. At all relevant times, Defendant failed to pay promptly Plaintiff, the Collective and the Class minimum and overtime wages each week, in violation of the overtime provisions of the FLSA and NYLL.

42. For example, during the week of 05/10/2021-05/16/2021, Plaintiff worked 25 hours. Defendant paid Plaintiff for that workweek on 05/28/2021.

43. For example, during the week of 06/21/2021-06/27/2021, Plaintiff worked 38.5 hours. Defendant paid Plaintiff for that workweek on 07/09/2021.

44. As part of its regular business practice, Defendant intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA and NYLL including but not limited to failing to pay promptly and completely Plaintiff, the Collective and the Class minimum wage and overtime for all hours worked in excess of forty (40) per week.

45. Upon information and belief, Defendant's unlawful conduct as described herein was pursuant to a policy or practice of attempting to minimize labor costs by violating the FLSA and NYLL.

46. Defendant's unlawful conduct has been widespread, repeated and consistent; and was not undertaken based on advice of counsel nor guidance from a competent court or governmental agency.

47. Throughout Plaintiff's tenure, Plaintiff's delayed, or late paid, wages caused him to incur

late fees, interest and other liabilities related to non-prompt payment of its wages, in violation of both the letter and spirit of the FLSA and NYLL.

**F. COLLECTIVE ALLEGATIONS**

48. Plaintiff bring the FLSA claims on behalf of himself and all similarly situated persons who worked for Defendant as hourly employees since September 1, 2020 ("FLSA Collective").

49. Defendant is liable under the FLSA for failing to properly and promptly pay the minimum wage and overtime wages for all hours worked greater than forty (40) per week.  As such, notice should be sent to the FLSA Collective.

50. There are numerous similarly situated current and former employees of Defendant who have been similarly under or late paid in violation of the FLSA and who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join.

**G. CLASS ALLEGATIONS**

51. Plaintiff sues on his own behalf and on behalf of a Class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

52. In addition to bringing this action as a proposed Collective action to remedy violations of the FLSA, Plaintiff also brings this action on behalf of a "Proposed Rule 23 Class", under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, and consisting of: all current and former hourly employees working for Defendant since September 1, 2017.

53. Upon information and belief, the persons in the Proposed Class are so numerous that joinder of all members is impracticable. Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendant, the Proposed Class is so numerous that joinder is impracticable.

54. The claims of Plaintiff are typical of the claims of the Proposed Class, and a Rule 23 Class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant.

55. The Defendant has acted on grounds generally applicable to the Proposed Class, thereby making appropriate final injunctive relief and/or corresponding declaratory relief with respect to the Proposed Class as a whole.

56. Plaintiff has committed himself to pursuing this action and has retained counsel experienced in employment law and Class action litigation.

57. Plaintiff will fairly and adequately protect the interests of the Proposed Class. Plaintiff understands that, as Class representative, he assumes a fiduciary responsibility to the Class Members to represent their interests fairly and adequately, and that Plaintiff must consider their interests just as he would represent and consider his own interests, and that he may not favor his own interests over those of the Class Members.

58. Plaintiff recognizes that any resolution of a Rule 23 Class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class. Plaintiff understands that in order to provide adequate representation, he must remain informed of litigation developments and that he may be called upon to testify in depositions and at trial.

59. Plaintiff has the same interests in this matter as all other members of the Proposed Class, and Plaintiff's claims are typical of the Proposed Class.

60. There are questions of law and fact common to the Proposed Class which predominate over any questions solely affecting the individual members of the Proposed Class.

**1st CAUSE OF ACTION: ADA (42 U.S.C. § 12112)**
**(On Behalf of Plaintiff Only)**

61. Plaintiff repeats the foregoing paragraphs in their entirety.

62. At all times relevant hereto, Defendant was an "employer" as that term is defined in the ADA, 42 U.S.C. § 12111(5).  Defendant was also a "covered entity" as that term is defined in the ADA, 42 U.S.C. §§ 12111(2) and 12131(1).

63. Because of Plaintiff's stroke, Plaintiff had a physical impairment that substantially limited his ability to care for himself, walking/ambulating, , circulating, breathing, etc.  Plaintiff also had a record of disability with Defendant, and Defendant regarded him as disabled.

64. Plaintiff was a qualified individual with a disability within the meaning of the ADA, 42 U.S.C. §§ 12111(8) and 12131(2), in that Plaintiff, with or without reasonable accommodation, could perform the essential functions of his position, as he had done for years.

65. Defendant's termination of Plaintiff's employment is a violation of the ADA, 42 U.S.C. §§ 12112(a) and (b) and 12132.  Defendant discriminated because of disability and failed to accommodate.

66. As a proximate result thereof, Plaintiff has suffered damages including lost wages, fringe benefits, both of which continue to date, and emotional distress.

**2nd CAUSE OF ACTION: NYSHRL (NY Executive Law § 296)**
**(On Behalf of Plaintiff Only)**

67. Plaintiff repeats the foregoing paragraphs in their entirety.

68. Defendant is a "person" and "employer" as those terms are defined by the NYSHRL §§ 292(1) and (5).

69. Because of Plaintiff's stroke, Plaintiff had a disability as that term is defined by the

NYSHRL § 292(21). Plaintiff also had a record of disability with Defendant, and Defendant regarded him as disabled.

70. At all times herein relevant, Plaintiff, with or without reasonable accommodation, could perform the essential functions of his position, as he had done for years.

71. Defendant's termination of Plaintiff's employment is a violation of the NYSHRL §§ NYSHRL §§ 296(1) and (3).

72. Defendant's discriminatory conduct as to Plaintiff was taken with malice and reckless indifference to the rights of Plaintiff, and it constitutes an unfair discriminatory practice as defined in NYSHRL § 292(4).

73. As a proximate result thereof, Plaintiff has been deprived of economic benefits, including lost wages, lost fringe benefits and loss of job opportunities (*i.e.* promotion).

74. Defendant's discrimination has caused, continues to cause, and will cause the Plaintiff to suffer substantial damages for future pecuniary losses, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

**3rd CAUSE OF ACTION: NYCHRL (NYC Admin. Code § 8-107)**
**(On Behalf of Plaintiff Only)**

75. Plaintiff repeats the foregoing paragraphs in their entirety.

76. Defendant is a "covered entity" as that term is defined by the NYCHRL § 8-102(17).

77. Because of Plaintiff's stroke, Plaintiff had a disability as that term is defined by the NYCHRL § 8-102(16). Plaintiff also had a record of disability with Defendant, and Defendant regarded him as disabled.

78. At all times herein relevant, Plaintiff, with or without reasonable accommodation, could perform the essential functions of his position, as he had done for years.

79. Defendant's termination of Plaintiff's employment is a violation of the NYCHRL §§

Law Office of David Wims, 1430 Pitkin Avenue, 2nd Floor, Brooklyn, New York 11233, (646) 393-9550, fax – (646) 393-9552, dwims@wimslaw.com, http://www.wimslaw.com.

8-107(1) and (15).

80. Defendant's discriminatory conduct as to Plaintiff was taken with malice and reckless indifference to the rights of Plaintiff, and it constitutes an unfair discriminatory practice as defined in NYCHRL § 8-102(4).

81. As a direct and proximate result of Defendant's discrimination, Plaintiff has been deprived of economic benefits, including lost wages, lost fringe benefits and loss of job opportunities (*i.e.* promotion).

82. Defendant's discrimination has caused, continues to cause, and will cause the Plaintiff to suffer substantial damages for future pecuniary losses, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

**4th CAUSE OF ACTION: MW & OVERTIME (29 U.S.C. §§ 206, 207, 216)**
**(On Behalf of Plaintiff and Collective Members)**

83. Plaintiff alleges and incorporates by reference the allegations contained in all preceding paragraphs.

84. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

85. Plaintiff consents to be a party to this action, pursuant to 29 U.S.C. § 216(b).

86. At all times relevant to this action, Plaintiff and the Collective were employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e).

87. At all times relevant to this action, Plaintiff and the Collective were engaged in commerce and Defendant was an enterprise engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

88. Defendant violated the rights of Plaintiff and the Collective by failing to pay

promptly and completely minimum wage and overtime, in violation of the FLSA, 29 U.S.C. §§ 206-07.

89. Defendant's failure to pay promptly and completely Plaintiff and the Collective minimum wage and overtime compensation was willful within the meaning of the FLSA, 29 U.S.C. § 255.

90. Defendant is liable to Plaintiff and the Collective who opt in to this action for their late paid and unpaid minimum wage and overtime compensation, plus an additional equal amount as liquidated damages, reasonable attorney's fees and costs, and any other appropriate relief pursuant to 29 U.S.C. § 216(b).

**5th CAUSE OF ACTION: NYLL MW & OVERTIME (Labor Law §§ 652, 663)**
**(On Behalf of Plaintiff and Class Members)**

91. Plaintiff alleges and incorporates by reference the allegations contained in all preceding paragraphs.

92. At all times relevant to this action, Plaintiff was Defendant's employee within the meaning of NYLL § 651(5).

93. At all times relevant to this action, Defendant was the employer of Plaintiff within the meaning of NYLL § 651(6).

94. At all times relevant to this action, Defendant failed to pay promptly and completely Plaintiff and the Class minimum wage and overtime wages for all hours worked greater than forty (40) per week in violation of NYLL § 652 and 12 N.Y.C.R.R. § 142-2.2.

95. Defendant willfully violated the rights of Plaintiff and the Class by failing to pay promptly and completely minimum wage and overtime wages due and owing for work performed in violation of NYLL.

96. Due to Defendant's NYLL violations, Plaintiff and the Class are entitled to recover

from Defendant their unpaid and late paid minimum wage and overtime wages, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, liquidated damages, and other compensatory and equitable relief pursuant to NYLL § 663.

**6th CAUSE OF ACTION: NY UNPAID WAGES (Labor Law §§ 191, 193, 198)**
**(On Behalf of Plaintiff and Class Members)**

97. Plaintiff allege and incorporate by reference the allegations contained in all preceding paragraphs.

98. At all times relevant to this action, Plaintiff were Defendant's employees within the meaning of NYLL § 190(2).

99. At all times relevant to this action, Defendant was the employer of Plaintiff within the meaning of NYLL § 190(3).

100. At all times relevant to this action, Defendant failed to pay promptly (weekly) and completely Plaintiff's and the Class' minimum wage and overtime wages, and/or deducted amounts therefrom, in violation of NYLL §§ 191 and 193.

101. Defendant willfully violated the rights of Plaintiff and the Class by failing to pay promptly and completely minimum and overtime wages due and owing for work performed in violation of NYLL.

102. Due to Defendant's NYLL violations, Plaintiff and the Class are entitled to recover from Defendant their unpaid and late paid minimum wage and overtime wages, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, liquidated damages, and other compensatory and equitable relief pursuant to NYLL § 198.

**H. PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, prays for the following relief:

> A. That, at the earliest possible time, Plaintiff be permitted to give notice of this Collective action, or that the Court issue such notice to all persons who are presently, or have at any time since September 1, 2020, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendant as hourly employees. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied promptly paid compensation and/or overtime wages;
>
> B. An award of compensatory and punitive damages, attorneys' fees, costs, and interest pursuant to the ADA, NYSHRL and NYCHRL;
>
> C. An award of unpaid minimum wage and overtime and an equal amount in liquidated damages pursuant to 29 U.S.C. § 216 and NYLL §§ 663 and 198;
>
> D. Certification of this case as a Collective action pursuant to 29 U.S.C. § 216 and a NYLL Class action pursuant to FRCP 23;
>
> E. Designation of Plaintiff as representative of the Collective and Class, and counsel of record as Collective and Class Counsel; and
>
> F. Issuance of a declaratory judgment that the practices complained of herein are unlawful under the ADA, NYSHRL, NYCHRL, FLSA and the NYLL.
>
> G. Issuance of a permanent injunction directing Defendant to comply with the ADA, NYSHRL, NYCHRL, FLSA and the NYLL.

**DEMAND FOR TRIAL BY JURY**

Pursuant to FRCP 38(b), Plaintiff demands a trial by jury on all questions of fact.

Dated:  Brooklyn, New York

August 23, 2023

                                                        _____/s/_____
                                                  LAW OFFICE OF DAVID WIMS
                                                BY: David C. Wims, Esq. (DW-6964)
                                                          *Attorneys for Plaintiff*
                                                     1430 Pitkin Ave., 2nd Fl.
                                                          Brooklyn, NY 11233
                                                            (646) 393-9550