**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------X        CIVIL ACTION NO. 23CV6333
DENIS COOKE,                                                                (JAM)

                                  Plaintiff,        **PLAINTIFF'S**
*on behalf of himself and all others similarly situated*,   **MEMORANDUM OF LAW**
                                                                                          **IN OPPOSITION TO**
              -against-                                                     **DEFENDANT'S MOTION FOR**
                                                                                          **RECONSIDERATION**

FRANK BRUNCKHORST CO., LLC,

                                  Defendant.
---------------------------------------------------X

**LAW OFFICE OF DAVID WIMS**
**David C. Wims, Esq.**
*Attorneys for Plaintiff*
**1430 Pitkin Avenue, 2nd Floor**
**Brooklyn, New York 11233**
**(646) 393-9550**
**Fax (646) 393-9552**
**dwims@wimslaw.com**

Plaintiff, by and through its undersigned counsel, hereby submits this *Memorandum of Law* in opposition to Defendant's April 5, 2024 motion for reconsideration of the Court's March 22, 2024 *Memorandum & Order* ("*Order*") (Docket #27) on Plaintiff's motion for conditional certification under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq* ("FLSA"). Docket ##29-30.

## PRELIMINARY STATEMENT

Defendant brings the instant motion seeking a proverbial 'second bite at the apple'. Defendant has not shown that the Court overlooked controlling authority, or there was an intervening change in the controlling law, requiring a different result.  Nor has Defendant shown that the Court's *Order* contained any legal or factual errors requiring revisitation by the Court. Finally, Defendant's request for relief should not be granted while Defendant is non-compliant with this Court's April 1, 2024 Order, as a matter of equity.  Simply put, Defendant has not met its steep burden on this motion.  Defendant's application should be denied in its entirety.

## PROCEDURAL POSTURE

Plaintiff filed the instant action on August 23, 2023 under the FLSA and the New York Labor Law ("NYLL"), seeking liquidated damages, attorneys' fees and costs from Defendant, inter alia. Docket #1.  The Defendant answered the *Complaint* on February 1, 2023. Docket #11.

Plaintiff moved for conditional certification of a collective action under the FLSA, Court-facilitated notice to similarly situated persons, expedited disclosure of contact information, and equitable tolling of the statute of limitations. Docket ##18-21.  The Court granted Plaintiff's motion to the extent of its *Order*, subsequently modified by this Court's April 1, 2024 Order.  Without having complied with the Court's April 1, 2024 Order, Defendant now brings the instant motion for reconsideration.

## ARGUMENT

### A. Applicable Standard

Under Local Rule 6.3, reconsideration is not favored and is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *U.S. BankNarl Ass 'n v. Triaxx Asset Mgmt. LLC*, 352 F. Supp. 3d 242, 246 (S.D.N.Y. 2019) (citation omitted). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Such narrow grounds justifying reconsideration include "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citations omitted).

A motion for reconsideration is "not a vehicle for relitigating old issues, [*4] presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" " *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citations omitted); see also *Weiss v. El Al Isr. Airlines, Ltd.*, 471 F. Supp. 2d 356, 358 (S.D.N.Y. 2006) ("A motion for reconsideration is not an opportunity for a losing party to advance new arguments to supplant those that failed in the prior briefing of the issue.").

### B. Defendant has failed to meet its burden on this motion

Here, Defendant's moving papers merely recite the arguments made in opposition to Plaintiff's motion, which was granted to the extent of the *Order*. Defendant offers no new evidence nor points to any clear error of law or fact. Its position is essentially, it disagrees with

this Court's *Order*. By granting Defendant any relief on this application, this Court would countenance non-compliance with Its Orders. Surely the Court has no interest in such conduct.

Defendant argues that its pay practices comply with the FLSA's prompt payment requirement as a matter of law. Defendant's Memorandum of Law in Support ("Def. Memo.") at 2. That is a legal conclusion inappropriate for resolution on an FLSA conditional certification motion. See *Singh v. Anmol Food Mart, Inc.*, No. 22-CV-5475 (RER) (JAM), 2024 WL 308241, at *2 (E.D.N.Y. Jan. 26, 2024) ("When applying this lenient evidentiary standard, a court evaluates pleadings and affidavits, but does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations.").

Defendant next argues that the Labor Law's frequency of pay requirements may not be read into an FLSA claim. Def. Memo. at 6. This is also a legal conclusion. Further, it misconstrues Plaintiff's position and obfuscates the issues. Most importantly, like its argument above, it has already been decided by this Court on Plaintiff's motion, and Defendant offers no reason to disturb said finding.

Defendant next argues that this Court's *Order* overlooked controlling case law interpreting Labor Law 191(1)(a) from the Appellate Division, Second Department in *Grant v Glob. Aircraft Dispatch, Inc.*, 2024 N.Y. Slip Op. 00183 (Jan. 17, 2024). Def. Memo. at 9. Defendant claims that "This Court, being located within the geographical boundaries of the Second Department is bound to its interpretation on this state-law issue, and may only adopt the reasoning of the court in *Grant*." Def. Memo. at 10. This is untrue.

When deciding a question of state law like this one, a federal court "look[s] to the state's decisional law, as well as to its constitution and statutes." *Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 497 (2d Cir. 2020) (citation omitted). Absent a clear directive from a state's

highest court, a federal court must "predict how the state's highest court would resolve the uncertainty or ambiguity." *Id.* at 499 (citation omitted). In doing so, the federal court "is bound to apply the law as interpreted by a state's intermediate appellate courts unless there is persuasive evidence that the state's highest court would reach a different conclusion." *V.S. v. Muhammad*, 595 F.3d 426, 432 (2d Cir. 2010).

Here, Defendant's moving papers make no showing that this Court was bound by Grant. As such, its arguments on this point lack merit. Defendant has woefully failed to meet its high burden on this motion. On this and the other bases listed above, this application must be denied.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's motion in its entirety, together with such further relief as the Court deems just and proper.

Dated: Brooklyn, New York

April 22, 2024

$$\underline{\qquad\qquad /s/ \qquad\qquad}$$
LAW OFFICE OF DAVID WIMS
BY: David C. Wims, Esq. (DW-6964)
*Attorneys for Plaintiff*
1430 Pitkin Ave., 2nd Fl.
Brooklyn, NY 11233
(646) 393-9550