UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

**DENIS COOKE,** *on behalf of himself and all others similarly situated*

       **Plaintiff,**

 - against -

**FRANK BRUNCKHORST CO., LLC,**

       **Defendant.**

No. 23-cv-06333-JAM

---

# DEFENDANT FRANK BRUNCKHORST CO., LLC'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION FOR RECONSIDERATION

 

**GOLENBOCK EISEMAN
ASSOR BELL & PESKOE LLP**
*Attorneys for Defendants*
711 Third Avenue
New York, New York 10017
(212) 907-7300

4769678.3

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT .................................................................................................. 1

ARGUMENT .................................................................................................................................. 1

I. DEFENDANT HAS MET ITS BURDEN UNDER LOCAL RULE 6.3 ........................... 1

II. PLAINTIFF FAILS TO OPPOSE DEFENDANT'S ALTERNATIVE REQUEST FOR CLARIFICATION OF THE SCOPE OF THE CONDITIONAL CERTIFICATION ORDER ..................................................................... 6

III. PLAINTIFF'S CONTENTION THAT DEFENDANT FAILED TO COMPLY WITH THE DEADLINES SET FORTH IN THE CONDITIONAL CERTIFICATION ORDER IS BELIED BY THE COURT'S APRIL 5, 2024 ORDER .................................................................................................................................. 6

IV. CONCLUSION .................................................................................................................. 7

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Basinger v. Wal-Mart Stores, Inc.*,
    No. 98-334-P-H, 1999 WL 33117106 (D. Me. Jan. 27, 1999) .............................................3, 4

*Breland v. Zakarian*,
    No. 08-CV-06120(LAK) (S.D.N.Y. June 30, 2009) ...................................................................3

*Chufen Chen v. Dunkin' Brands, Inc.*,
    954 F.3d 492 (2d Cir. 2020) ......................................................................................................4

*Coley v. Vannguard Urb. Improvement Ass'n, Inc.*,
    No. 12-CV-5565, 2016 WL 7217641 (E.D.N.Y. Dec. 13, 2016) ..............................................3

*Conzo v. City of New York*,
    667 F. Supp. 2d 279 (S.D.N.Y. 2009) .......................................................................................2

*Galante v. Watermark Servs. IV, LLC*,
    No. 23-CV-6227-FPG, 2024 WL 989704 (W.D.N.Y. Mar. 7, 2024) .........................................5

*Grant v Glob. Aircraft Dispatch, Inc.*,
    2024 N.Y. Slip Op. 00183 (2d Dep't Jan. 17, 2024) ..............................................................4, 5

*Hunter v. Next Level Burger Co., Inc.*,
    No. 23-CV-03483 (HG), 2024 WL 686929 (E.D.N.Y. Feb. 20, 2024) .....................................2

*Marshall v. Allen–Russell Ford, Inc.*,
    488 F.Supp. 615 (E.D. Tenn. 1980) ..........................................................................................3

*Rogers v. City of Troy, N.Y.*,
    148 F.3d 52 (2d Cir. 1998) ........................................................................................................3

*Sarit v. Westside Tomato, Inc.*,
    No. 18-CV-11524 (RA), 2020 WL 1891983 (S.D.N.Y. Apr. 16, 2020) ...................................2

*Singh v. Anmol Food Mart, Inc.*,
    No.. 22-cv-5476 (RER) (JAM), 2024 WL 308241 (E.D.N.Y. Jan. 26, 2024) ...........................2

*V.S. v. Muhammad*,
    595 F.3d 426 (2d Cir. 2010) ......................................................................................................5

*Vega v. CM & Assocs. Constr. Mgmt.*,
    LLC, 175 A.D.3d 1144 (N.Y. App. Div. 2019) ........................................................................5

4769678.3

**Statutes**

Fair Labor Standards Act, 29 U.S.C. §§201-19 .................................................................*Passim*

**Other Authorities**

Federal Rules of Civil Procedure Rule 59(e) .............................................................................1

Local Rules Rule 6.3 ...............................................................................................................1, 5

4769678.3

**PRELIMINARY STATEMENT**

Defendant Frank Brunckhorst Co., LLC ("FB Co." or "Defendant"), by and through its attorneys, Golenbock Eiseman Assor Bell & Peskoe, LLP, hereby submit this reply memorandum of law in support of its motion, pursuant to Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York and Rule 59(e) of the Federal Rules of Civil Procedure ("FRCP") for reconsideration of this Court's Memorandum and Order, dated March 22, 2024 (the "Conditional Certification Order"), granting Plaintiff Denis Cooke's ("Cooke" or "Plaintiff") motion for conditional certification of a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201-19 (the "FLSA").

As set forth in Defendant's moving papers, the Conditional Certification Order overlooked a critical basis for denying conditional certification pursuant to FLSA §216(b), namely that Plaintiff has failed to set forth a viable claim under the FLSA. Plaintiff has failed to rebut this argument whatsoever. Without such a viable claim there is no basis for collective treatment of any of Plaintiff's claims and Defendant respectfully submits the Court must deny conditional certification. Plaintiff's conclusory Memorandum of Law in Opposition to Defendant's Motion for Reconsideration ("Plaintiff's Opposition") fails to set forth any reason that Defendant's Motion for Reconsideration ("Defendant's Motion") should not be granted.

**ARGUMENT**

**I.   DEFENDANT HAS MET ITS BURDEN UNDER LOCAL RULE 6.3**

Plaintiff argues that Defendant's Motion is merely a recitation of the arguments made in opposition to Plaintiff's Motion for Conditional Certification, and makes the conclusory assertion that Defendant offers no evidence that the Court overlooked controlling law. This assertion is plainly incorrect. Plaintiff does not even attempt to address, and thus ignores, the cases Defendant cited in its moving papers, which are controlling here. It is true that debating the

1

strengths and relative merits of the *factual* basis underpinning a plaintiff's claims and a defendant's defenses to an FLSA claim is not appropriate when determining whether to authorize notice at the conditional certification stage; however, the applicable conditional certification standard still requires the plaintiff to allege a *legal* basis that would establish a violation of law. This is what Defendant states and supports with its cited cases. There must be a "plausible" claim based in law on the FLSA with respect to a similarly situated collective, and not a conjectural FLSA claim that is purely theoretical, or that merely alludes to the FLSA. In other words, there must be an FLSA claim that the putative opt-ins are seeking to assert and may ultimately prove. Otherwise, the entire (costly) exercise of sending notices to the putative collective serves no purpose. An illusory claim that simply "implicates" or mentions the FLSA, but does propound a concrete FLSA violation, is insufficient. *See Hunter v. Next Level Burger Co., Inc.*, No. 23-CV-03483 (HG), 2024 WL 686929, at *2 (E.D.N.Y. Feb. 20, 2024) (plaintiffs must make "a modest factual showing that they and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law").

Defendant has adequately shown that Plaintiff has not asserted, and cannot assert, a viable claim under the FLSA because Plaintiff readily concedes that <u>all</u> similarly situated employees were paid on at least a bi-weekly basis, and no less frequently; moreover, bi-weekly payment of wages is plainly permitted under controlling FLSA case law Plaintiff cited in his Memorandum of Law in Support of Conditional Certification. *See Conzo v. City of New York*, 667 F. Supp. 2d 279, 288-89 (S.D.N.Y. 2009); *Sarit v. Westside Tomato, Inc.*, No. 18-CV-11524 (RA), 2020 WL 1891983, at *5-6 (S.D.N.Y. Apr. 16, 2020); *see also* Dkt. #19 at pp. 11-12.

Plaintiff's reliance on *Singh v. Anmol Food Mart, Inc.,* No.. 22-cv-5476 (RER) (JAM), 2024 WL 308241 (E.D.N.Y. Jan. 26, 2024), cited in support of his contention that a *legal*

2

*conclusion* is inappropriate for resolution on a conditional certification motion, is misguided. As this Court correctly pointed out in the Conditional Certification Order, a court does not resolve *factual* disputes or make credibility determinations at the conditional certification stage. There are no factual disputes or credibility determinations that need to be resolved at this stage. It is without dispute, as Plaintiff affirmatively asserts, that Defendant paid the entirety of the putative FLSA collective action class regularly, bi-weekly, without delay, and on its normal paydays. *See* Plaintiff's Affidavit in Support at ¶9. The longest pay frequency adopted by Defendant was bi-weekly. The case law is clear that weekly pay is not required under the FLSA: "there is nothing in the [FLSA] that says a pay period has to be one week only or that employees must be paid weekly." *Rogers v. City of Troy, N.Y.*, 148 F.3d 52, 55 (2d Cir. 1998) (the FLSA "does not specify when [a] wage must be paid"); *Marshall v. Allen–Russell Ford, Inc.,* 488 F.Supp. 615, 618 (E.D. Tenn. 1980); *see also Coley v. Vannguard Urb. Improvement Ass'n, Inc.*, No. 12-CV-5565, 2016 WL 7217641, at *12 (E.D.N.Y. Dec. 13, 2016). Plaintiff did not and cannot show that he and other hourly workers of Defendant were subject to a common policy or scheme that violated the FLSA, and as a result collective action conditional certification is inappropriate and must be denied.

Moreover, as set forth in Defendant's Motion, Plaintiff's briefing in support of conditional certification under FLSA § 216(b) conflates federal and state law, suggesting only that Plaintiff was a "manual worker" and was therefore required to be paid weekly pursuant to NYLL §191 (*not* the FLSA). Plaintiff's Opposition does not materially dispute relevant case law that the importation of the NYLL standard for frequency of wage payments into the FLSA is wholly improper. *See Basinger v. Wal-Mart Stores, Inc.,* No. 98-334-P-H, 1999 WL 33117106,

3

at *3–5 (D. Me. Jan. 27, 1999); *see also Breland v. Zakarian*, No. 08-CV-06120(LAK) (S.D.N.Y. June 30, 2009).

Plaintiff essentially argues that these are all legal conclusions not appropriate for adjudication at the conditional certification stage. However, it is Plaintiff who in fact is asking the court to read a *non-existent* legal conclusion into the FLSA, *i.e.*, by arguing, without any support, that the relevant pay period must be determined by state statute, or that such a state statute "at a minimum implicates" the FLSA's "prompt payment" requirement.

Respectfully, the Court's reliance on statements in Plaintiff's affidavit and "documentary evidence" related to Plaintiff's claim that he was a "manual worker" similarly overlooks the fact that the FLSA does not require Plaintiff to be paid weekly at all. *See* Conditional Certification Order at p. 11-12. In doing so, the Court's conclusion failed to consider, let alone address, the widely accepted principle that, "in the absence of plain indication of a contrary intent, courts ought to presume that the interpretation of a federal statute is not dependent upon state law." *Basinger,* 1999 WL 33117106 at *4 (*citing Serapion v. Martinez,* 119 F.3d 982, 987 (1st Cir. 1997). It is indisputable that Plaintiff was paid in conformity with the "prompt" payment requirement of the FLSA and that, therefore, no collective action can be maintained.

Finally, Plaintiff's Opposition fails to dispute controlling case law from the Second Department that declined to recognize a private right of action for violations of NYLL Sec. 191(1). Plaintiff correctly states that when deciding a question of state law, a federal court "look[s] to the state's decisional law, as well as to its constitution and statutes," and that "absent a clear directive from the state's highest court, a federal court must 'predict how the state's highest court would resolve the uncertainty or ambiguity.'" *Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 497 (2d Cir. 2020) (citation omitted).

The Appellate Division Second Department's ruling in *Grant v Glob. Aircraft Dispatch, Inc.*, 2024 N.Y. Slip Op. 00183 (2d Dep't Jan. 17, 2024), created a split in authority from the First Department's ruling in *Vega v. CM & Assocs. Constr. Mgmt.*, LLC, 175 A.D.3d 1144 (N.Y. App. Div. 2019), finding that *no* private right of action exists for a violation of NYLL Section 191. The Second Department expressly rejected the reasoning in *Vega* that failure to pay wages on a timely basis constitutes an "underpayment" and concluded, to the contrary, that the payment of full wages on a *regular biweekly payday* does not constitute a "nonpayment" or "underpayment" of wages. (emphasis added). At least one federal court in the Second Circuit has agreed with the reasoning in *Grant*. *See Galante v. Watermark Servs. IV, LLC*, No. 23-CV-6227-FPG, 2024 WL 989704, at *8 (W.D.N.Y. Mar. 7, 2024) ("[T]he Court now concludes, in light of the Second Department's decision in *Grant*, that it does not provide a private right of action, either express or implied."). Therefore, it is reasonable to conclude that New York's highest court would resolve the split in favor of *Grant.* As Plaintiff points out in his Opposition, a federal court "is bound to apply the law as interpreted by a state's **intermediate appellate courts** unless there is persuasive evidence that the state's highest court would reach a different conclusion." *V.S. v. Muhammad*, 595 F.3d 426, 432 (2d Cir. 2010).

It follows that this Court should have declined, and must decline, to conditionally certify a collective action involving claims that cannot otherwise be maintained by Plaintiff, or by any potential putative opt-ins. Again, while factual determinations are shunned at the conditional certification stage, the case law is clear that the *alleged* claims themselves must be viable.

For the foregoing reasons and those set forth in our moving memorandum, Defendant has met its burden under Local Rule 6.3 of demonstrating that the Conditional Certification Order overlooks and/or misinterprets controlling law, thus warranting reconsideration.

## II. PLAINTIFF FAILS TO OPPOSE DEFENDANT'S ALTERNATIVE REQUEST FOR CLARIFICATION OF THE SCOPE OF THE CONDITIONAL CERTIFICATION ORDER

Defendant's Motion alternatively seeks clarification and confirmation that notice shall be sent only to those hourly employees paid on a bi-weekly basis at Defendant's Brooklyn Facility. Plaintiff does not oppose this request and the Court should, in the event that the Court declines to reconsider its decision in its entirety, grant Defendant's request and clarify and confirm that portion of the Conditional Certification Order accordingly.

## III. PLAINTIFF'S CONTENTION THAT DEFENDANT FAILED TO COMPLY WITH THE DEADLINES SET FORTH IN THE CONDITIONAL CERTIFICATION ORDER IS BELIED BY THE COURT'S APRIL 5, 2024 ORDER

Finally, Defendant's Motion sought relief from the deadlines contained in the Conditional Certification Order pending resolution of the instant motion. Plaintiff's Opposition implies that Defendant's improperly failed to comply with that portion of the Conditional Certification Order requiring Defendant to produce class information in contemplation of dissemination of notice. However, the Court issued an Order, dated April 5, 2024, directing Plaintiff to "file, by April 11, 2024, a letter-response to Defendant's request to stay all deadlines in the Conditional Certification Order pending a decision on the Motion for Reconsideration," strongly indicating an intent to stay the deadlines. Had Defendant produced a class list as originally contemplated by the Conditional Certification Order, Plaintiff's position on whether a stay of the deadlines is appropriate, would have become moot. Plaintiff offers no support for his argument that Defendant's Motion for Reconsideration should be denied based on its alleged failure to comply with the production and notice deadlines. One issue has no bearing on the other and, to the extent Plaintiff is attempting to argue that Defendant's instant motion is intended to circumvent the Conditional Certification Order, Defendant denies any such implication.

6

## IV.  CONCLUSION

For the foregoing reasons, and for those set forth in Defendant's moving papers, Defendant respectfully requests that the Court reconsider its findings in the Conditional Certification Order as collective action certification even on a conditional basis is wholly improper in this case. As such, Defendant's Motion for reconsideration of the Conditional Certification Order should be granted in its entirety, and this Court should vacate and amend the Conditional Certification Order accordingly, or, in the alternative, clarify the Conditional Certification Order to confirm that notice shall be sent only to those hourly employees paid on a bi-weekly basis at Defendant's Brooklyn Facility.

Dated:  New York, New York
       April 29, 2024

                                            Respectfully submitted,

                                            **GOLENBOCK EISEMAN**
                                            **ASSOR BELL & PESKOE LLP**

                                            By:  */s/* Gina E. Nicotera
                                                    Alexander Leonard
                                                    Gina E. Nicotera
                                                    711 Third Avenue
                                                    New York, New York 10017
                                                    Telephone: (212) 907-7378
                                                    aleonard@golenbock.com
                                                    gnicotera@golenbock.com

                                                    *Counsel for Defendant Frank Brunckhorst Co., LLC*

4769678.3