**GOLENBOCK EISEMAN**
**ASSOR BELL & PESKOE** LLP

Attorneys at Law | 711 Third Ave., New York, NY 10017-4014

T (212) 907-7300 | F (212) 754-0330 | www.golenbock.com

Gina Nicotera, Esq.
Direct Dial No.: (212) 907-7306
Direct Fax No.: (212) 754-0330
Email Address: gnicotera@golenbock.com

April 30, 2024

<u>*Via ECF*</u>

Hon. Joseph A. Marutollo
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom N324
Brooklyn, New York 11201

      Re:   *Denis Cooke v. Frank Brunckhorst Co., LLC.*
            <u>Case No.: 23-cv-06333-JAM</u>

Dear Judge Marutollo:

      This firm represents Defendant Frank Brunckhorst Co., LLC in the above-referenced matter. We write jointly with counsel for Plaintiff pursuant to Section V(B) of Your Honor's Individual Practices and Rules to respectfully request a 60-day stay of all discovery pending resolution of two motions: Defendant's Motion for Reconsideration of the Court's Order granting Plaintiff's Motion for Conditional Certification, which was fully briefed as of April 29, 2024, and Defendant's contemplated motion pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, for judgment on the pleadings with respect to the Fourth, Fifth, and Sixth Causes of Action contained in Plaintiff's Complaint.

      Upon a showing of good cause, "a district court has considerable discretion to stay discovery pursuant to Rule 26(c)." *Gross v. Madison Square Garden Ent. Corp.*, No. 23-CV-3380 (LAK) (JLC), 2023 WL 6815052, at *1 (S.D.N.Y. Oct. 17, 2023). "In evaluating whether a stay of discovery pending resolution of a motion to dismiss is appropriate, courts typically consider: (1) whether the Defendants has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Amron v. 3M Minnesota Mining & Manufacturing Company*, No. 23-CV-8959 (PKC) (JMW), 2024 WL 263010, at *2 (E.D.N.Y. Jan. 24, 2024) (citation and quotation marks omitted). While various district courts debate which of the three factors is the most important, "there can be little doubt that simplification of the issues and prejudice to the opposing party are more important than the case's state of completion." *OV Loop, Inc. v. Mastercard Inc.*, No. 23-CV-1773 (CS), 2023 WL 7905690, at *2 (S.D.N.Y. Nov. 16, 2023) (citation omitted).

      Here, good cause exists to stay discovery given the strength of Defendant's motions, the breadth of discovery sought, and the lack of prejudice to either party from a short stay of discovery.

4775531.2

Hon. Joseph A. Marutollo
April 30, 2024
Page 2 of 3

First, Defendant's arguments set forth in its anticipated Fed. R. Civ. P. 12(c) motion make a "strong showing that the plaintiff's claim is unmeritorious." *Hong Leong Finance, Ltd. (Singapore) v. Pinnacle Performance, Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013). The thrust of Defendant's anticipated motion is that Plaintiff's Fourth, Fifth, and Sixth Causes of Action, which contend that Defendant violated the Fair Labor Standards Act ("<u>FLSA</u>") and the New York Labor Law ("<u>NYLL</u>") by paying Plaintiff bi-weekly, "and approximately five (5) days after the end of the second workweek in each bi-weekly pay period," must be dismissed as a matter of law because: (1) Plaintiff was paid on regular bi-weekly paydays in compliance with the prompt payment requirement under the FLSA; and (2) Plaintiff does not have a private right of action for alleged untimely payment of wages under the NYLL. The issues before the Court on Defendant's contemplated motion are purely issue of law, and the arguments Defendant sets forth show that the FLSA's prompt payment requirement does not set a specific frequency for payment or specify the number of workweeks each pay period must cover. *See United States v. County of Nassau*, 188 F.R.D. 187, 188 (E.D.N.Y. 1999) (finding that the defendant "made an adequate showing of good cause to support the issuance of a stay" where the issues raised in its Rule 12(b)(1) motion were "strictly one[s] of law and d[id] not involve issues relating to the 'sufficiency' of the allegations").

If Defendant's anticipated 12(c) motion is granted, the only remaining claim will be Plaintiff's disability discrimination claim, thus significantly narrowing the potential scope of discovery in this matter. Similarly, if Defendant's pending Motion for Reconsideration is granted, the need for class wide discovery on Plaintiff's FLSA and NYLL claims would become moot. Therefore, a stay will likely significantly narrow the scope and cost of discovery and/or meaningfully change the dynamics of the case, as discovery on the FLSA and NYLL claims would be far more costly, time consuming and burdensome than discovery on Plaintiff's disability discrimination claim. *Johnson v. New York Univ. School of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (granting stay where adjudication of motion to dismiss "may obviate the need for burdensome discovery").

Additionally, it would be unduly burdensome for Defendant to respond to discovery until the Court resolves Defendant's pending Motion for Reconsideration. Plaintiff brought his FLSA and NYLL claims on behalf of himself and others similarly situated for the past three to six years. Should the Court grant Defendant's Motion for Reconsideration, the notice process would be entirely moot and it would be unnecessary for Defendant to produce discovery related to the collective and/or to aid in the notice process. *See Sharma v. Open Door NY Home Care Servs., Inc.,* No. 24-CV-497, 2024 WL 1269069, at *4 (E.D.N.Y. Mar. 26, 2024); *Amron v. 3M Minnesota Mining & Mfg. Co.*, No. 23-CV-8959 (PKC) (JMW), 2024 WL 263010, at *3 (E.D.N.Y. Jan. 24, 2024) ("[T]he breadth of discovery here, as presented by Defendant, favors a stay because the parties could avoid substantial burden and waste of precious resources by staying discovery until the motion to dismiss has been decided.")

Finally, Plaintiff will not suffer any prejudice as a result of a stay. This case is still in its early stages – discovery has not occurred, depositions have not been taken and the parties have already engaged in significant preliminary motion practice. *See Cohen v. Saraya USA, Inc.*, No. 23-CV-8079 (NJC) (JMW), 2024 WL 198405, at *3 (E.D.N.Y. Jan. 18, 2024) (granting a motion to stay discovery and noting that "this case is still in its early stages—a discovery schedule has not

Hon. Joseph A. Marutollo
April 30, 2024
Page 3 of 3

been set, discovery has not occurred, and depositions have not been taken"). Moreover, the parties anticipate that the Court will reschedule the previously contemplated settlement conference, initially scheduled for April 19, 2024, which will hopefully prove productive and, if so, may resolve this matter altogether. The parties believe that a stay of discovery will allow for more productive settlement discussions, if and when the settlement conference is rescheduled.

       Based on the foregoing, good cause exists to issue a 60-day stay of discovery. Plaintiff consents to this request. We thank the Court for its time, attention, and consideration of this request.

                                           Respectfully submitted,

                                           */s/ Gina Nicotera*

                                           Gina Nicotera

Cc:    All counsel of record via ECF

4775531.2