

**Law Office of David Wims**

1430 Pitkin Ave., 2nd Floor
Brooklyn, NY 11233
Phone: (646) 393-9550
Fax: (646) 393-9552
email: dwims@wimslaw.com
http://www.wimslaw.com

August 30, 2024

## BY ECF

U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11212
Attn: Honorable Magistrate Judge James A. Marutollo

Re:     *Cooke v. Frank Brunckhorst Co., LLC* **(23CV6333)(JAM)**

Dear Judge Marutollo,

Please be advised that this office represents the Plaintiff in this matter. I write jointly with Defendant to request that the Court approve the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 *et seq,* component of the parties' settlement agreement and release in this FLSA and New York Labor Law ("NYLL") §§ 650 *et seq,* action, pursuant to *Cheeks v. Freeport Pancake House Inc. et al,* 796 F.3d 199 (2d Cir. 2015).

On August 23, 2023, Plaintiff's counsel filed the *Complaint* alleging that Defendant discriminated against Plaintiff based on disability; failed to accommodate Plaintiff's disability; and failed to pay Plaintiff's wages with the required frequency under the FLSA and NYLL, inter alia. See Docket #1. On October 24, 2023, Defendant served and filed its *Answer* to the *Complaint*. See Docket #11. On December 15, 2023, the Court held a pre-motion conference at which it granted Plaintiff leave to serve and file its motion for FLSA conditional certification. See Docket #14.

Law Office of David Wims 8/30/2024

On January 11, 2024, Plaintiff served and filed its initial moving papers in connection with Plaintiff's FLSA conditional certification motion. See Docket ##18-21. The parties appeared for an initial conference with the Court on January 19, 2024. See 01/19/2024 Minute Entry. The Court granted in part and denied in part, Plaintiff's FLSA certification motion on March 22, 2024. See Docket #27.

Defendant subsequently moved for reconsideration. See Docket ##29-30. The Court granted in part and denied in part Defendant's motion on May 18, 2024. See Docket #38. The parties also undertook and completed paper discovery.

Pursuant to the May 18, 2024 order, Defendant produced to Plaintiff the names and last known contact information of all current and former hourly non-exempt employees of Defendant at its 24 Rock Street, Brooklyn, New York facility who were paid on a bi-weekly basis for the period August 23, 2020 through August 23, 2023. The Court approved the parties' proposed collective action notice, and notice of the action was sent to all collective action members on or before July 1, 2024. Pursuant to the collective action notice, prospective collective action members had until August 31, 2024 to complete and return a consent to join form indicating their intent to join the lawsuit. As of the date of this submission, no prospective collective action plaintiffs have returned completed consent to join forms, or otherwise indicated an intent become a party plaintiff.

On July 26, 2024, the parties appeared before the Court for a settlement conference at which they reached a full and final settlement in principle. See 07/26/2024 Minute Entry. Following the settlement conference, the parties memorialized the terms of the settlement in two formal settlement agreements: one allocated to the FLSA and NYLL claims, and one allocated to the discrimination claims. The proposed FLSA settlement agreement and release is attached herewith as Exhibit 1.

Law Office of David Wims                                                                                     8/30/2024

The parties' FLSA settlement agreement and release requires Defendant to pay to Plaintiff a total of $10,000.00[1], as follows:

1. $6,666.66 to Plaintiff as W-2 wages; and
2. $3,333.33.00 to David C. Wims, Esq. as attorneys' fees and costs.

An FLSA settlement should receive judicial approval where it is "fair and reasonable." See *Wolinsky v. Scholastic, Inc.* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Generally, there is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013). Moreover, "[c]ourts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes." *In re Penthouse Executive Club Compensation Litig.*, No. 10-cv-1145, 2014 U.S. Dist. LEXIS 5864, at *22 (S.D.N.Y. Jan. 14, 2014) (noting that the inherent adversarial nature of a litigated FLSA case is an adequate indicator of fairness of settlement).

In considering whether a settlement is fair and reasonable, the principal question is "whether the agreement reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. SITA Info. Networking Computing USA, Inc.*, No. 07-CV-86, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008) (quoting *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

---

[1] For the purposes of the instant application, counsel for the parties agreed to allocate $10,000.00 to Plaintiff's FLSA claims and the remaining settlement amount to Plaintiff's discrimination claims, which do not require Court approval.

Law Office of David Wims                                               8/30/2024

In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of the circumstances, including the following factors: (1) the Plaintiffs' range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion. *Wolinsky, supra* at 335.

In his Complaint, Plaintiff alleged that he was not paid his wages timely in violation of the FLSA and NYLL[2]. Defendant vehemently denies that it violated the FLSA or the NYLL, and there is a *bona fide* dispute about whether Plaintiff was a manual worker under the NYLL. Specifically, Defendant denies that it paid Plaintiff's wages in violation of these statutes, and the case law is unclear as to the exact number of days after each pay period that constitutes late payment under the FLSA.

Considering the significant factual and legal disputes, the parties believe that the allocated $10,000.00 settlement amount is a fair compromise to resolve Plaintiff's FLSA claims without further litigation, and without subjecting both parties to the time and expense of more extensive discovery and ongoing litigation, and the attendant risks thereof. Plaintiff's maximum recovery of FLSA liquidated damages in the two years preceding this action is approximately $15,000.00. While both sides are confident that they would prevail, there are *bona fide* disputes as to these issues.

---

[2] It is also important to note that settlement of claims pursuant to the New York Labor Law do not require judicial approval. See, e.g., *Wright v. Brae Burn Country Club, Inc.*, 2009 U.S. Dist. LEXIS 26982, 2009 WL 725012, at *4 * (S.D.N.Y. Mar. 20, 2009)("there is no express restriction on the private settlement of waiver of wage and hour claims under New York law.").

Page 4

The settlement agreement reflects a reasonable compromise of the disputed issues and any actual or potential claims. In addition, the Parties believe that the certainty of settlement is better than the uncertain outcome of protracted litigation. Lastly, each party is represented by counsel experienced in wage and hour practice.

As stated above, the proposed settlement represents a fair value of Plaintiff's claims, including liquidated damages and statutory damages, where Defendant denies all violations. See, *Rodriguez-Hernandez v. K Bread & Co.*, No. 15- cv-6848 (KBF), 2017 U.S. Dist. LEXIS 78034, at *10 (S.D.N.Y. May 23, 2017) (approving a settlement of 26% of potential damages given "bona fide disputes" between the parties and litigation risks). The settlement will also enable the parties to avoid the burdens of testifying, and the hardship of waiting for the payment of any recovery. Plaintiff believes that, on balance, the recovery he will obtain now is preferable to waiting for the conclusion of anticipated lengthy litigation.

Part of the purpose of settlement is to avoid a trial on the merits because of the uncertainty of the potential outcome. *Morris v. Affinity Health Plan*, 859 F.Supp.2d 611, 620 (S.D.N.Y. 2012). In weighing the risks of establishing liability and damages, the Court "must only weigh the likelihood of success by the [Plaintiffs] . . . against the relief offered by the Settlement." *Sewell v. Bovis Lend Lease, Inc.*, No. 09 Civ. 6548, 2012 WL 1320124, at *8 (S.D.N.Y. Apr. 16, 2012). A "presumption of fairness, adequacy and reasonableness may attach to a . . . settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116 (2d Cir. 2005) (internal quotations omitted).

Law Office of David Wims                                                                                              8/30/2024

The parties participated in arm's length negotiations in order to arrive at this settlement. As such, the settlement involves a clear and *bona fide* wage dispute in contested litigation, which was resolved through an arm's-length settlement process.

This settlement was reached after extensive motion practice and intensive negotiations between experienced counsel who duly counseled their respective clients on the benefits and risks of continued litigation. "Absent fraud or collusion, [courts] should be hesitant to substitute [their] judgment for that of the parties who negotiated the settlement." *In re EVCI Career Colls. Holding Corp. Sec. Litig.*, 05 CIV 10240, 2007 WL 2230177, at *4 (S.D.N.Y July 27, 2007). There was no fraud or collusion in the present matter and the Court should approve the settlement.

In addition, Counsel is entitled to reasonable attorneys' fees to compensate for work in recovering damages under the FLSA and NYLL. Plaintiff agreed to a 33% contingency fee. Plaintiff's counsel seeks a 33% fee. In the Second Circuit, a 33% contingency fee in an FLSA and NYLL case is considered reasonable. See *Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069, 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 21, 2014)*. Plaintiff's counsel's fee application is submitted contemporaneously herewith.

Finally, the FLSA Settlement Agreement does not contain any provisions such as confidentiality, general release, or non-disparagement, that courts in this District have found objectionable. See, e.g., *Fernandez v. N.Y. Health Care, Inc.*, 2020 U.S. Dist. LEXIS 69408 at *4-7 (S.D.N.Y. 2020). For these reasons, the parties ask the Court to approve the FLSA settlement agreement.

| | |
|---|---:|
| Law Office of David Wims | 8/30/2024 |

Thank You for Your time and attention.

Respectfully yours,

/s/

David C. Wims, Esq. (DW-6964)


Cc: Alexander Leonard, Esq. (By ECF)
Gina Nicotera, Esq. (By ECF)