GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP

Attorneys at Law | 711 Third Ave., New York, NY 10017-4014

T (212) 907-7300 | F (212) 754-0330 | www.golenbock.com

Gina Nicotera, Esq.
Direct Dial No.: (212) 907-7306
Direct Fax No.: (212) 754-0330
Email Address: gnicotera@golenbock.com

September 19, 2024

***Via ECF***

Hon. Joseph A. Marutollo
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom N324
Brooklyn, New York 11201

**Re:** ***Denis Cooke v. Frank Brunckhorst Co., LLC.***
**Case No.: 23-cv-06333-JAM**

Dear Judge Marutollo:

This firm represents Defendant Frank Brunckhorst Co., LLC in the above-referenced matter. We write pursuant to the Court's September 17, 2024, Order in response to the letter filed by Plaintiff on September 17, 2024, attempting to rescind the Settlement Agreement and FLSA Release, duly executed by Plaintiff on September 9, 2024, and duly executed by Defendant on September 10, 2024 (the "Settlement Agreement"), and filed with the Court for final approval the same day. For the reasons set forth herein, Defendant's position is that the Settlement Agreement is binding and enforceable.

The parties reached a settlement in principle following arm's length negotiations during the settlement conference before Your Honor on July 26, 2024. Plaintiff was present for the settlement conference, along with his wife, and was represented by competent counsel. The minute entry for the proceedings held on July 26, 2024, confirm that the parties reached an agreement in principle and instructed the parties to file their joint motion for judicial approval of their proposed settlement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), together with a fully executed copy of the proposed settlement agreement. The parties thereafter negotiated the terms of the Settlement Agreement in good faith, and Plaintiff knowingly and voluntarily executed the Settlement Agreement on September 9, 2024, indicating that he understood the terms of the Settlement Agreement. Defendant counter signed the Settlement Agreement on September 10, 2024, and the parties filed their joint motion for approval on the same day.

First, the plain language of the Settlement Agreement is unambiguous that the agreement "will become effective and irrevocable upon the execution of this Agreement by both Parties and approval by the Court." *See* Section 13(b) of the Settlement Agreement. Although the Settlement Agreement is still subject to court approval, given the Court's supervision of the settlement

process, the fact that the settlement was a product of extensive arm's length negotiations by experienced counsel, and in light of the general judicial policy favoring settlement, final approval of the Settlement Agreement is highly likely. Moreover, analogous bankruptcy case law instructs that "settlements requiring court approval are binding on all parties to the extent allowable under state law until the court considers and rejects the settlement." *In re Seminole Walls & Ceilings Corp.*, 388 B.R. 386, 392 (M.D. Fla. 2008). In this case, applying principles of contract law, it is clear that the parties reached a binding agreement, which Plaintiff cannot unilaterally rescind.

In New York, "'[s]tipulations of settlement are favored by the courts and not lightly cast aside.' Generally, 'a stipulation will only be set aside for good cause, such as fraud, collusion, mistake, accident[,] or some other ground of the same nature.'" *Liberty Towers Realty, LLC v. Richmond Liberty, LLC*, 569 B.R. 534, 541 (E.D.N.Y. 2017), *aff'd*, 734 F. App'x 68 (2d Cir. 2018) (internal citations omitted). Here, Plaintiff's September 17, 2024, email vaguely states that "new and surprising information has now come to my attention that calls for rescinding my signature." Plaintiff has not provided any details regarding the alleged "new and surprising information" that has come to light, and under the circumstances leading to the settlement Plaintiff cannot demonstrate that he was coerced or mistakenly signed the Settlement Agreement.

Finally, to the extent Plaintiff believes that he had a right to revoke the Settlement Agreement within seven (7) days of his signature pursuant to the Older Workers Benefit Protection Act ("OWBPA"), Plaintiff is misguided. The Settlement Agreement at issue does not provide for a revocation right, and a revocation right is not required as the Settlement Agreement not waive any rights under Age Discrimination in Employment Act ("ADEA"). In any event, even if Plaintiff were afforded a seven (7) day revocation period, Plaintiff's attempt to revoke the Settlement Agreement on September 17, 2024, is one day late.

For the foregoing reasons, Defendant seeks final approval and enforcement of the terms of the Settlement Agreement, including but not limited to full dismissal with prejudice of the Action, pursuant to the 5th Whereas clause and Sections 1(c) and 5 of the Settlement Agreement, which specify that this Settlement Agreement resolves "all issues and disputes Cooke may have against the Company and the other Releasees (as defined in the Settlement Agreement)."

Thank you for your attention to this matter.

Respectfully submitted,

*/s/ Gina Nicotera*

Gina Nicotera

Cc: All counsel of record via ECF