UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DENIS COOKE,

                       Plaintiff,                    **MEMORANDUM AND**
                                                      **ORDER**

        v.

                                              23-CV-6333
FRANK BRUNCKHORST CO., LLC,              (Marutollo, M.J.)

                    Defendant.
-------------------------------------------------------------------X
**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

     *Pro se* Plaintiff Denis Cooke brings this action against Defendant Frank Brunckhorst Co.,

LLC, alleging discrimination under the Americans with Disabilities Act of 1990 ("ADA"), as

codified, 42 U.S.C. §§ 12112-12117.  Presently before the Court is Defendant's motion to dismiss

the Amended Complaint on the grounds that the allegations of disability discrimination fall beyond

the statute of limitations applicable to claims under the ADA.  *See generally* Dkt. No. 64.

     For the reasons set forth below, the Court grants in part and denies in part Defendant's

motion to dismiss the Amended Complaint.  The Court, however, *sua sponte* dismisses the timely

claim in the Amended Complaint without prejudice for failure to comply with Federal Rule of

Civil Procedure 8(a).[1]

I.    **Background**

    A.    **The Original Complaint**

     Plaintiff—represented by counsel—commenced the instant action on August 23, 2023,

alleging collective and class action causes of action against Defendant.  *See generally* Dkt. No. 1.

The Complaint sought damages, injunctive relief, declaratory relief, costs, and attorneys' fees

---

[1] Anna Sargeantson, a judicial intern who is a second-year law student at Washington University School of Law, is gratefully acknowledged for her assistance in the research of this Memorandum and Order.

against Defendant for discrimination based on his disability and failure to accommodate his disability in violation of the ADA, the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290, *et seq.*, the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8-101 *et seq. Id.* at ¶¶ 61-82.  Plaintiff further brought claims on behalf of himself and putative collective and class members for failure to pay minimum wage and overtime pay and unpaid and/or late payment of wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the New York Labor Law ("NYLL") §§ 191, 193 and 652.  *See id.* at ¶¶ 83-102.

In the Complaint, Plaintiff asserted that Defendant failed to pay him and other similarly situated employees minimum wage and overtime for work performed.  *See id.* at ¶¶ 83-96. Additionally, Plaintiff asserted that when payment was actually remitted, Defendant's bi-weekly payment program contravened the FLSA and NYLL by resulting in untimely payment.  *Id.* at ¶¶ 40-44.  Plaintiff claims, pursuant to NYLL § 191(a), that he was a "manual worker" employed by Defendant in New York City—therefore triggering Plaintiff's entitlement to pay on a weekly basis.  *See id.* at ¶¶ 97-102.  Plaintiff's claimed damages included the incurrence of late fees, interest, and "other liabilities related to non-prompt payment of its wages." *Id.* at ¶ 47.  On behalf of the collective, Plaintiff asserted that "[t]here are numerous similarly situated current and former employees of Defendant who have been similarly *under* or *late* paid in violation of the FLSA[.]" *Id.* at ¶ 50 (emphasis added).  Plaintiff also alleged that Defendant unlawfully terminated Plaintiff's employment effective July 2, 2021.  *Id.* at ¶ 30.

On March 22, 2024, the undersigned issued a Memorandum and Order granting, in part, Plaintiff's motion seeking conditional certification as a FLSA collective action comprised of "all former and current hourly workers of Defendant at any point in time between August 23, 2020 and

August 23, 2023[.]" *See Cooke v. Frank Brunckhorst Co., LLC*, 722 F. Supp. 3d 127, 147 (E.D.N.Y. 2024). On May 18, 2024, the Court granted, in part, a motion for reconsideration of that order, reducing the scope of the collective to "all former and current hourly non-exempt employees paid on a bi-weekly frequency of pay at the Brooklyn Facility at any point in time between August 23, 2020 and August 23, 2023." *See Cooke v. Frank Brunckhorst Co.*, LLC, 734 F. Supp. 3d 206, 208 (E.D.N.Y. 2024).

On July 26, 2024, the parties reached a settlement in principle at a settlement conference before the undersigned. *See* Text Order dated July 26, 2024. The Court ordered the parties to file their joint motion for judicial approval of their proposed settlement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), to include: (1) a fully executed copy of the proposed settlement agreement and any translated copies of the agreement, if applicable; (2) a fairness letter brief (of five pages or less) that includes a fulsome analysis of the factors set forth in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012) and related cases; and (3) time and billing records and copies of any relevant retainer agreements, if applicable, if attorneys' fees are included in the agreement. *Id.*

On September 10, 2024, the parties filed their motion for the approval of the settlement agreement and its terms as it related to the FLSA claim. *See* Dkt. No. 43.

On September 17, 2024, Plaintiff's counsel notified opposing counsel and the Court that Plaintiff intended to rescind his signature on the settlement agreement prior to the scheduled fairness hearing on September 20, 2024. *See* Dkt. Nos. 45, 45-1; Dkt. No. 66 at 2.[2] In response, Defendant moved for final approval and enforcement of the terms of the settlement agreement on September 19, 2024. *See generally* Dkt. No. 47.

---

[2] Page citations are to the ECF-stamped page numbers.

At an October 2, 2024 conference before the undersigned, Plaintiff expressed his intention to proceed *pro se* in this action and noted that he no longer sought to maintain a collective action. Minute Entry and Order dated October 2, 2024.  Rather, Plaintiff wished to abandon all claims save for those related to Defendant's alleged disability discrimination.  *Id.*  On October 12, 2024, the Court granted Plaintiff's counsel's motion to withdraw from this action.  *See* Text Order dated October 12, 2024.

**B.    The Amended Complaint**

On December 18, 2024, Plaintiff—now appearing *pro se*—filed the Amended Complaint alleging his employer's failure to accommodate his disability and their subsequent termination of his employment constituted discrimination pursuant to the ADA.  *See generally* Dkt. No. 61. Plaintiff contends that the discrimination was based on his "ambulatory disability/disorder of gait as a result of cerebral stroke."  *Id.* at 5.  Plaintiff alleges that Defendant refused his request "to return to work with limitations as outlined by [his] doctor on multiple occasions" and was ultimately terminated "due to those limitations caused by a stroke."  *Id.*

As part of the Amended Complaint, Plaintiff utilizes a form "complaint for employment discrimination."  *Id.* at 1.  As set forth in Section III.E of the form complaint, the form notes that "[a]s additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Employment Opportunity Commission [('EEOC'], or the charge filed with the relevant state or city human rights division.").  *Id.* at 5.  Plaintiff seeks damages related to his insurance costs, loss of wages, and pain and suffering.  *See id.* at 6.

On the form complaint, Plaintiff alleges that the alleged discriminatory acts occurred on (1) September 20, 2018; (2) November 12, 2018; (3) December 16, 2018; and (4) July 2, 2019.  *Id.* at 4-5.  Attached to the form complaint is Plaintiff's "Charge of Discrimination" filed with the

EEOC ("the EEOC Charge"), that lists July 2, 2021 as the "date(s) discrimination took place." *Id.* at 13.

On January 17, 2025, Defendant filed its motion to dismiss the Amended Complaint, arguing that it was untimely on its face and that the limitations period had run. *See* Dkt. No. 66 at 4. The motion was fully briefed on February 25, 2025. *See* Dkt. Nos. 66, 70.

## II.  <u>Standard of Review</u>

"To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Plaintiff's factual allegations must also be sufficient to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted), and must show that the court has subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); Fed. R. Civ. P. 12(h)(3).

"[T]he court's task is to assess the legal feasibility of the complaint; it is not to assess the weight of the evidence that might be offered on either side." *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020). Determining whether a complaint states a claim is "a context-specific task

that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.  The Court must accept the well-pleaded factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff but need not "credit conclusory allegations or legal conclusions couched as factual allegations." *Rothstein v. UBS AG*, 708 F.3d 82, 94 (2d Cir. 2013).

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation and internal quotations omitted); *see, e.g. Coffey v. United States*, 939 F. Supp. 185, 189-90 (E.D.N.Y. 1996) ("the Court is mindful that the plaintiff is proceeding *pro se* and that the complaint must be 'liberally construed' in favor of the plaintiff'"); *Maynard v. Comm'r*, No. 15-CV-586 (CBA) (LB), 2015 WL 4069356, at *1 (E.D.N.Y. July 1, 2015) ("pleadings submitted *pro se* … are held to a less stringent standard and must be liberally construed."). "District courts must interpret a *pro se* complaint to raise the strongest claims that it suggests." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (citation modified); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (articulating same). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citation omitted), *aff'd* 569 U.S. 108 (2013).

"A statute of limitations affirmative defense normally cannot be decided on a motion to dismiss." *Kelly v. Commc'ns Workers of Am., AFL-CIO*, No. 22-CV-10923 (GHW) (SDA), 2023 WL 5105482, at *2 (S.D.N.Y. July 25, 2023) (citations omitted), *report and recommendation adopted*, 2023 WL 5108756 (S.D.N.Y. Aug. 9, 2023).  But "[w]here the dates in a complaint show that an action is barred by a statute of limitations, a defendant may raise the affirmative defense in

6

a pre-answer motion to dismiss." *Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989); *see also McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004) ("[a]n affirmative defense may be raised by a pre-answer motion to dismiss under Rule 12(b)(6), without resort to summary judgment procedure, if the defense appears on the face of the complaint."). "Such a motion is properly treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted rather than a Rule 12(b)(1) motion to dismiss for lack of jurisdiction over the subject matter." *Ghartey*, 869 F.2d at 162. Indeed, as "Rule 12(b) of the Federal Rules of Civil Procedure does not enumerate failure to comply with the statute of limitations as a ground for dismissal," such motions are typically brought pursuant to Rule 12(b)(6). *Adams v. Crystal City Marriott Hotel*, No. 02-CV-10258 (PKL), 2004 WL 744489, at *2 (S.D.N.Y. Apr. 6, 2004) ("A motion to dismiss on this ground generally is treated as a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), as opposed to a Rule 12(b)(1) motion.").

## III.  Discussion

Defendant argues that the alleged discrete discriminatory acts listed on the face of the form complaint—the alleged discriminatory acts that occurred on (1) September 20, 2018; (2) November 12, 2018; (3) December 16, 2018; and (4) July 2, 2019 (Dkt. No. 61 at 3-5)—are time-barred. *See* Dkt. No.  Defendant notes that "[i]n order to bring a claim for disability discrimination under the ADA, a plaintiff must file a charge with the EEOC within 300 days of the alleged unlawful employment practice." Dkt. No. 66 at 8 (citing *Zabar v. New York City Dep't of Educ.*, No. 18-CV-6657 (PGG), 2020 WL 2423450, at *4 (S.D.N.Y. May 12, 2020)). Plaintiff's failure to file "his EEOC charge until February 18, 2022" thus renders his claims untimely and the Amended Complaint subject to dismissal. Dkt. No. 66 at 9.

Plaintiff—who does not appear to deny Defendant's argument that the aforementioned four discriminatory acts are time-barred—concedes that he filed the EEOC complaint on February 18, 2022. Dkt. No. 68 at 1. Plaintiff, however, alleges that in his "charging papers, [he] stated that the last incident of discrimination occurred on July 2, 2021," which is "well with[in] the 300-day filing requirement." *Id.* While appearing to acknowledge that the July 2, 2021 date is not listed on the face of the form complaint, Plaintiff notes that he attached the EEOC Charge—featuring the July 2, 2021 as the "date(s) discrimination took place"—to the form complaint. *Id.* at 13; *see also* Dkt. No. 61.[3]

The question, therefore, is whether the Court should consider an EEOC charge attached to a *pro se* plaintiff's form complaint in evaluating whether Plaintiff maintains any timely claims in a discrimination action. It should. As a result, the Court finds that Plaintiff's July 2, 2021 claim of discrimination is not time-barred.

By way of background, the ADA requires that individuals aggrieved by acts of discrimination file a charge with the EEOC within 180 days or, in states like New York that have local administrative mechanisms for pursuing discrimination claims, 300 days after the alleged discriminatory act. *See Tewksbury v. Ottaway Newspapers, Inc.*, 192 F.3d 322, 325 (2d Cir. 1999) (quoting 42 U.S.C. § 2000e-5(e)(1)); *see, e.g., Hall v. Reliant Realty Servs.*, No. 24-CV-710, 2025 WL 799268, at *1 (2d Cir. Mar. 13, 2025) ("In New York, a plaintiff alleging an ADA violation has 300 days from the date of the allegedly discriminatory act to file a charge with the [EEOC]."); *Harris v. City of New York*, 186 F.3d 243, 247 & n.2 (2d Cir. 1999); 42 U.S.C. §§ 2000e-5(e)(1), 12117(a). "A litigant must have filed a timely charge . . . with the [EEOC] as a condition precedent

---

[3] While the original Complaint is no longer the operative pleading in this matter and has no bearing on the instant motion, the Court notes that Plaintiff listed July 2, 2021 in the original Complaint as the date that Defendant terminated Plaintiff's employment. Dkt. No. 1 at ¶ 30.

to the filing of an action in federal court pursuant to the [ADA]." *Cherry v. City of New York*, 381 F. App'x 57, 58 (2d Cir. 2010). The timeliness requirement for the filing of an EEOC charge carries equal force "even with respect to *pro se* litigants." *Lee v. Verizon*, No. 15-CV-523 (DLI) (PK), 2016 WL 737916, at *2 (E.D.N.Y. Feb. 23, 2016).

Here, Plaintiff filed his administrative charge with the EEOC on February 18, 2022. *See* Dkt. No 1 ¶ 11. To be timely filed, Plaintiff's EEOC charge must have been based on alleged discriminatory acts that occurred on or after April 24, 2021 (300 days prior to February 18, 2022). The four allegedly discriminatory acts referenced in the form complaint within the Amended Complaint—(1) September 20, 2018; (2) November 12, 2018; (3) December 16, 2018; and (4) July 2, 2019 (Dkt. No. 61 at 3-5)—are therefore clearly time-barred. *See Dechberry v. N.Y.C. Fire Dep't*, 124 F. Supp. 3d 131, 144 (E.D.N.Y. 2015) ("Although plaintiff is *pro se*, and thus entitled to a more lenient construction of her claims by the court, a motion to dismiss must be granted for any claims based on allegedly discriminatory acts or events occurring prior to 300 days from the filing of a charge of discrimination with the EEOC."). But the last discriminatory act alleged in the Amended Complaint—July 2, 2021—is not time-barred.

Defendant argues that the EEOC Charge attached to the form complaint should not be considered in evaluating Plaintiff's claims. *See* Dkt. No. 70 at 4. The Court disagrees.

As an initial matter, contrary to Defendant's assertion, the July 2, 2021 date is not "referenced for the first time in Plaintiff's Opposition." *Id.* at 5. Instead, the EEOC Charge is part of the Amended Complaint that was filed on December 18, 2024.[4] Dkt. No. 61.

Moreover, that *pro se* Plaintiff listed the alleged discrimination date only in the EEOC Charge attached to the form complaint, rather than on the form complaint itself, does not preclude

---

[4] The Court further notes that the original Complaint also referenced July 2, 2021 as the date of Plaintiff's termination. *See* Dkt. No. 1 at ¶¶ 18, 30.

the Court from considering that date. Indeed, the form complaint explicitly references the EEOC charge, issued on February 18, 2022, under Section IV.A. *See* Dkt. No. 61 at 6 ("It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on [February 18, 2022]"). Within that EEOC Charge, attached as an exhibit to the Amended Complaint, Plaintiff lists July 2, 2021 as the date the alleged discrimination based on his disability occurred. *Id.* at 13.

Courts have incorporated similar EEOC charges into pleadings by reference, *see e.g.*, *Medina v. AAM 15 Mgmt. LLC*, 750 F. Supp. 3d 332, 340 n.4 (S.D.N.Y. 2024) (incorporating EEOC charge into the plaintiff's second amended complaint that was attached to the initial complaint and referenced in the amended pleading), even when such an EEOC charge is not appended to the operative complaint. *See, e.g.*, *Littlejohn v. City of New York*, 795 F.3d 297 n. 3 (2d Cir. 2015) ("[i]n reviewing a Rule 12(b)(6) motion to dismiss, it is proper . . . to consider the plaintiff[']s relevant filings with the EEOC and other documents related to the plaintiff's claim, even if they are not attached to the complaint, so long as those filings are either 'incorporate[d] by reference' or are 'integral to' and 'solely relie[d]' upon by the complaint);[5] *Metzler v. Kenmore-Town of Tonawanda Union Free Sch. Dist.*, No. 22-CV-959S, 2024 WL 3621480, at *2 n.2

---

[5] Defendant's reliance on *McLennon v. City of New York*, 171 F. Supp.3d 69, 88 (E.D.N.Y. 2016) is misplaced. *See* Dkt. No 70 at 5. Defendant argues that because Plaintiff fails to make a "clear, definite and substantial reference" to the EEOC Charge within his Amended Complaint, the factual allegations in the EEOC Charge should not be considered by the Court. *Id.* But the court in *McLennon* noted that the Court may consider the allegations in the complaint along with "'any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not integrated by reference, are integral to the complaint.'" *McLennon*, 171 F. Supp. 3d at 88. The *McLennon* court subsequently states that for materials to be incorporated in the complaint by reference, the complaint must "make 'a clear, definite and substantial reference to the documents.'" *Id*. Therefore, "clear, definite, and substantial" specifically apply to materials incorporated by reference. In the instant action, the EEOC Charge is incorporated by reference and is directly attached to the amended complaint. Defendant's reliance on *McLennon*, therefore, only serves to buttress Plaintiff's timeliness argument.

(W.D.N.Y. July 31, 2024) (considering EEOC charge not attached to the complaint but was "fully incorporated into the complaint by clear and substantial reference").

And even if the form complaint failed to reference the EEOC charge, courts throughout this Circuit have held that information not directly referred to in the text of a complaint, but rather noted in the attached documentation, should be considered by the court in reviewing a motion to dismiss. *See, e.g., Leonard F. v. Israel Disc. Bank of New York*, 199 F.3d 99, 107 (2d Cir. 1999) ("In adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken.") (citation omitted); *Allen v. WestPoint-Pepperell, Inc*., 945 F.2d 40, 44 (2d Cir. 1991) ("In determining the adequacy of a claim under Rule 12(b)(6), consideration is limited to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference…"); *Nielsen v. Flower Hosp*., 639 F. Supp. 738, 745 (S.D.N.Y. 1986) ("the parties agree that, had plaintiff appended a copy of his EEOC charge to the complaint, the pleading would have included enough specific factual allegations to withstand the present attack under Rule 12(b)(6)")). Indeed, and consistent with the principles articulated above, the Second Circuit has instructed courts to consider the factual allegations provided in a pleadings' attachments or exhibits, without any stipulation that the pleading must refer to such attachments or exhibits directly. *See Goldman v. Belden*, 754 F.2d 1059, 1065-66 (2d Cir. 1985) ("[A] Rule 12(b)(6) motion is addressed to the face of the pleading. The pleading is deemed to include any document attached to it as an exhibit, or any document incorporated in it by reference." (internal citation omitted)); *see also Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004) ("A complaint is deemed to include any written instrument attached to it as an exhibit.").

At bottom, there are multiple avenues for the Court to consider inclusion of Plaintiff's EEOC Charge in the allegations of the Amended Complaint, and attaching the charge as an exhibit is just one method. *See Cosmas v. Hassett*, 886 F.2d 8, 13 (2d Cir. 1989) ("[O]n a motion to dismiss, the district court must limit itself to a consideration of the facts alleged on the face of the complaint . . . and to any documents attached as exhibits or incorporated by reference.").

Nonetheless, although Plaintiff's claim stemming from the July 2, 2021 allegation is not time-barred, the Court, *sua sponte*, determines that Plaintiff has failed to meet the minimum pleading requirements of Federal Rule of Civil Procedure 8(a). That Rule requires "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(1)-(3).

"Courts may dismiss a complaint *sua sponte* for noncompliance with Rule 8(a)(2) when 'the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Dorisca v. Rawls*, No. 18-CV-9756 (JGK), 2019 WL 2085360, at *2 (S.D.N.Y. May 10, 2019) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)). "Rule 8 'does not demand that a complaint be a model of clarity or exhaustively present the facts alleged,' but it does require, 'at a minimum, that a complaint give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *LaRose v. Combs*, No. 24-CV-8908 (KMW), 2025 WL 1425756, at *3 (S.D.N.Y. May 16, 2025) (quoting *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001)); *see also Smith v. Hogan*, 794 F.3d 249 (2d Cir. 2015) (holding that treating an affidavit containing essential factual allegations and legal theories buried among

other exhibits as part of the complaint would "do considerable damage to Rule 8(a)'s notice requirement.").

Plaintiff's Amended Complaint has not met the requirements of Rule 8(a) with respect to his July 2, 2021 claim. The Amended Complaint is simply too vague to provide Defendant with the requisite notice of the alleged claim and supporting grounds upon which Plaintiff's allegations rest given its threadbare nature. *See Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) ("[A] plaintiff must disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." (internal citations and quotations omitted)). Simply attaching the EEOC Charge is not sufficient to meet Rule 8(a)'s requirements. *See Antrobus v. City of New York*, *Dep't of Sanitation*, No. 11-CV-5434 (CBA) (LB), 2012 WL 6675387, at *3 (E.D.N.Y. Aug. 15, 2012) ("[The plaintiff] should include the facts underlying his claims. Attaching documents without providing the facts to support his claims is not sufficient."), *report and recommendation adopted*, 2012 WL 6675168 (E.D.N.Y. Dec. 20, 2012); *accord Conner v. Illinois Dep't of Nat. Res.*, 413 F.3d 675, 679 (7th Cir. 2005) ("appending the EEOC charge [] to the complaint hardly serves as notification that the plaintiff is adding an entirely new count."); *Lively v. Wayfarer Studios*, No. 24-CV-10049 (LJL), 2025 WL 1637019, at *2 (S.D.N.Y. June 9, 2025) (rejecting a summarized account of the sequence of key events attached to a complaint and noting that "[i]f such a[ ] [document] could be deemed part of a complaint, then Rule 8(a)'s requirement of a short and plain statement of a claim for which relief could be granted would be eviscerated." (citations omitted)).

To proceed with this litigation, Plaintiff must comply with Rule 8(a) as its requirements "apply to plaintiffs proceeding *pro se*." *Phipps v. City of New York*, No. 17-CV-6603 (ALC), 2019 WL 4274210, at *2 (S.D.N.Y. Sept. 10, 2019). This is so because "the purpose of Rule 8(a)(2) is

to give fair notice of a claim and the grounds upon which it rests so that the opposing party may identify the nature of the case, respond to the complaint, and prepare for trial." *Dorisca*, 2019 WL 2085360, at \*2 (citation omitted).

Accordingly, the Court dismisses Plaintiff's Amended Complaint without prejudice and grants Plaintiff with 30 days by which to file a second amended complaint that complies with Federal Rule Civil Procedure 8(a). The Court notes that, based on the reading of the present Amended Complaint, the only timely claim is Plaintiff's July 2, 2021 claim.

## IV.    Conclusion

For the reasons set forth above, the Court grants in part and denies in part Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). The allegedly discriminatory acts referenced in the Amended Complaint that are dated September 20, 2018; November 12, 2018; December 16, 2018; and July 2, 2019, are time-barred and thus dismissed with prejudice. The last discriminatory act alleged in the Amended Complaint—July 2, 2021—is not time-barred. Plaintiff, however, has not met his Federal Rule of Civil Procedure 8(a) requirements with respect to his July 2, 2021 claim.

Accordingly, the Court dismisses Plaintiff's complaint without prejudice, and provides Plaintiff with 30 days by which to file a second amended complaint that complies with Federal Rule Civil Procedure 8(a).

A copy of this Memorandum and Order is being electronically served on counsel. This Court directs Defendant's counsel to serve a copy of this Memorandum and Order on Plaintiff by overnight mail, first-class mail, and email and to file proof of service on ECF by June 25, 2025. Copies shall be served at the following address listed on the docket:

> Denis Cooke
> 8 Highland Ct.

14

Saugerties, New York 12477

The Clerk of the Court is directed to terminate the motion at Dkt. No. 64.

Dated:        Brooklyn, New York          **SO ORDERED.**
              June 24, 2025


                                          _/s/ Joseph A. Marutollo_____
                                          JOSEPH A. MARUTOLLO
                                          United States Magistrate Judge